UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| KENNETH RAY JOHNSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV411-127 |
| LARRY CHISOLM, District Attorney of the Eastern Judicial District Circuit individually and in his official capacity, *et al.*, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Kenneth Ray Johnson has filed yet another 42 U.S.C. § 1983 complaint against, among others, the district attorney who has prosecuted him in state court. Doc. 1; *see also Johnson v. Chisolm*, CV410-031, doc. 6, 2010 WL 4540292 (S.D. Ga. July 15, 2010) (dismissed for failure to state a claim), *adopted*, 2010 WL 4553550 (S.D. Ga. Nov. 3, 2010); *Johnson v. Chisolm*, CV409-143, doc. 7, 2009 WL 3481904 (S.D. Ga. Oct. 28, 2009) (civil rights complaint seeking to enjoin same prosecutor was recharacterized as a 28 U.S.C. § 2241 federal habeas

petition, then dismissed for lack of exhaustion). However, the Clerk notified him that he must either pay the Court's $350 filing fee or move for leave to file his case *in forma pauperis*. Doc. 2. Johnson did neither, so the Court gave him 21 days to show cause why this case should not be dismissed as abandoned under Local Rule 41.1(c) ("authorizing dismissal for "any . . . failure to prosecute a civil action with reasonable promptness."). Doc. 3. He has responded with an IFP motion. Doc. 4.

The Court's prior order, however, overlooked the fact that Johnson had already struck out under 28 U.S.C. § 1915(g)[1] by the time he filed this latest case. In addition to the above-cited cases, both of which counted as § 1915(g) strikes,[2] the Court has located *Johnson v. Johnson*,

---

[1] The Prison Litigation Reform Act of 1995, enacted on April 26, 1996, provides that a prisoner may not bring an IFP civil action if he

> has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "Three Strikes Rule" permits a prisoner to file only "three meritless suits at the reduced rate. . . ." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (quotes and cite omitted).

[2] Case No. CV410-031was dismissed on the merits, and that counts as a § 1915(g) strike. *See generally*, *Buckle v. Daniels*, 2010 WL 1838073 at * 2–4 (S.D. Fla. Apr.7, 2010) (collecting cases that illuminate the § 1915(g) strike zone). Case No. CV409-143, dismissed because it improperly contained a habeas claim, also counts as a strike

2

2004 WL 3325791 * 5 (M.D. Ga. Feb. 24, 2004) (summary judgment to defendant prison officials on *Estelle v. Gamble* claim), *adopted* 2005 WL 1072979 (M.D. Ga. May 4, 2005).³ Johnson therefore is barred from moving for IFP (as he alleges no imminent danger of serious physical injury), and this case, which also counts as a § 1915(g) strike, should be **DISMISSED**. If Johnson wishes to proceed with the claims raised in this suit, he must file a new complaint accompanied by the full $350.00 filing fee.

**SO REPORTED AND RECOMMENDED**, this 1st day of August, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

for the reasons set forth in *Berry v. Savannah Chatham County Metropolitan Police Dept.*, 2009 WL 1765805 at * 2 (S.D. Ga. Jun. 22, 2009) (civil rights cases masquerading as a habeas-based action count as § 1915(g) strikes); *see also Gales v. Meeks*, 2009 WL 3185490 at * 3 (D. Kan. Sep. 30, 2009) ("The court can perceive of no reason why a complaint dismissed for failure to state a cognizable claim should not count as a strike simply because it improperly contains habeas claims."); *Pearce v. Logan Co. Sheriff Office*, 2009 WL 3734134 at * 3-5 (W.D. Okla. Nov. 6, 2009).

³ Johnson conspicuously avoided using available complaint and IFP forms which ask him to declare all prior lawsuits. This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court. *See, e.g., Ross v. Fogam*, 2011 WL 2516221 at * 2 (S.D. Ga. Jun. 23, 2011).